United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN BENNETT ORELLANA,<br>Plaintiff,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Defendants. | Case No. 26-cv-10199-SVK<br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 9 |

The Court is in receipt of Plaintiff's Motion for a Temporary Restraining Order (Dkt. 9) as well as Defendants' Opposition to Plaintiff's Motion (Dkt. 13), filed on shortened time. Having read the briefs, and in consideration of the current record, the Court finds and orders as follows:

**FINDINGS**

1. The Court finds that Plaintiff has shown sufficient merit to the existing claim concerning consideration of an accepted military-family parole request, including the military-family considerations specified in § 1758 of Pub. L. 116-92, to warrant this brief interim relief. The Court finds that the proposed restraint is related to the RFE and prejudice expressly alleged in Complaint ¶¶ 7-11, 13, 16, 85-88, 122(g), 124, and 126, and concludes it has authority to enter the limited process-preserving order stated below.
2. USCIS issued an August 11, 2026 I-485 RFE, due November 6, seeking admission-or-parole evidence, expressly including a PIP grant. On October 30, USCIS advised it could not adjudicate the earlier PIP request without official PCS orders and allowed 90 days for their submission. The evidence shows the orders are not currently available. The Government raises not insubstantial counter-arguments in opposition. Nevertheless, the Court finds that, absent a brief restraint, the competing agency deadlines threaten material

United States District Court
Northern District of California

procedural harm that could be difficult to undo before the PIP-delay claim receives judicial consideration.

3. The Court finds that the limited duration and scope of the restraint, the documented military-family interests, and the absence of a presently identified monetary injury favor temporary protection, and that such protection is consistent with the public interest while USCIS retains all substantive parole discretion.

**TEMPORARY RESTRAINT**

4. From entry until expiration under paragraph 9, Defendants, their officers, agents, servants, employees, and persons within Federal Rule of Civil Procedure 65(d)(2) with actual notice of this Order are **RESTRAINED** from denying Plaintiff's pending Form I-485, Receipt IOE0937453931, for failure to submit evidence of an as-yet-unissued Military Parole in Place grant by the November 6, 2026 deadline set in the August 11, 2026 RFE, while the previously filed PIP Form I-131, Receipt IOE0936919799, remains pending.

5. This Order neither grants PIP nor adjustment, neither dictates the outcome of either application, and does not require USCIS to decide the PIP by a specified date. The temporary restraint is only to preserve the stated procedural posture while the Court considers the underlying claim.

6. Plaintiff remains responsible for a timely response to the August 11 RFE. Nothing in this Order, unless otherwise expressly provided, extends the USCIS response deadline or provides for receipt or consideration of evidence after November 6.

**SECURITY, HEARING, AND SERVICE**

7. SECURITY. Based on the lack of likely monetary harm from this narrow temporary restraint, security under Rule 65(c) is fixed at $0.00. The Court may revisit this determination upon application.

////

////

////

////

8. ORDER TO SHOW CAUSE. Defendants shall show cause why the limited restraint should not continue through a preliminary injunction pending further consideration of the underlying PIP-delay claim. The preliminary-injunction hearing shall be held as follows:

- Date: **November 19, 2026**; Time: **10:30 a.m.** ; Location or method: **In-person**.
- In responding to the Order to Show Cause, Defendants may, but are not required to, supplement their Opposition. Defendants shall provide evidence in support of facts regarding the time to adjudication for Forms I-131 and I-485 (found at Dkt. 13, p. 2) by 12 p.m. on **November 6, 2026**;
- Plaintiff's reply is due: 12 p.m. on **November 13, 2026**.
- Parties shall promptly report any final agency action on the PIP request or written resolution of the RFE deadline conflict.

9. DURATION. This Order takes effect on: Date: **November 3, 2026**; Time: **3:00 p.m.**; and expires on: Date: **November 23, 2026**; Time: **5:00 p.m.**, unless lawfully extended, dissolved, or superseded by further order. A hearing alone does not extend it.

**SO ORDERED.**

Dated: November 3, 2026

SUSAN VAN KEULEN
United States Magistrate Judge